IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JOHN A. BEER, | ) | |
|     Plaintiff, | ) | No. C 05-91-EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KELLOGG SALES COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed December 29, 2005. Denied.

Plaintiff, a resident of Linn County, Iowa and an employee of defendant at all relevant times, initially filed this action in the Iowa District Court for Linn County seeking damages from defendant for alleged violations of the Americans with Disabilities Act (ADA), 42 USC §12101 et seq. (Count 1), the Iowa Civil Rights Act (ICRA) IC §216 (Count 2), and Wrongful Discharge (Count 3).[1]

On May 20, 2005, defendant removed the matter to this court pursuant to 28 USC §1441. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Defendant seeks summary judgment, asserting that plaintiff's claims of disability discrimination under the ICRA and ADA must be dismissed because he cannot establish a prima facie case. Defendant asserts that plaintiff is not disabled within the meaning of the ADA or ICRA as he is not substantially limited in a major life activity, that he is not

---

[1] In page 9 of his resistance to defendant's Motion for Summary Judgment, plaintiff states that he wishes to drop Count 3. Count 3 shall be dismissed.

qualified to perform the essential functions of his previous position of Territory Sales Manager, that he has not suffered an adverse employment action, and that he was not regarded as disabled.

In resistance, plaintiff asserts that his injury substantially limits him in the major life activities of working, sleeping, and sexual relations/reproduction. Plaintiff further urges that defendant regarded him as disabled, that he is qualified to perform the essential functions of the Territory Sales Manager position with or without reasonable accommodation, and that he has suffered from an adverse employment action in that while he remains an employee with benefits, he receives no salary.

In reply, defendant asserts that prior to bringing this action, plaintiff was required to file a charge of discrimination with the Iowa Civil Rights Commission and the EEOC, and that in this action he is limited to the claims made at the administrative level. Defendant asserts that at the administrative level, plaintiff made no claim of any limitation as to sleeping or sexual relations, nor did he do so in his Petition filed in state court. Further, defendant asserts that plaintiff did not request any workplace accommodation as to his sleeping or sexual relations limitations. Defendant also urges that repetitive bending is an essential job function of the Territory Sales Manager job which plaintiff was unable to perform.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for

summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F.2d 65, 68 (8th Cir. 1990).

"To prove a claim under the ADA, [plaintiff] must show that [he] is disabled within the meaning of the ADA, that [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job, and that [he] has suffered an adverse employment action because of the disability." Brunko v. Mercy Hospital, 260 F3d 939, 941 (8th Cir. 2001). "Disability claims under the ICRA are analyzed in accordance with federal standards." Id. (citations omitted).

At the outset, defendant urges that in plaintiff's claim at the administrative level as well as his complaint, plaintiff failed to raise claims of substantial limitations in major life activities, and therefore he is precluded from raising those claims now.

> "In determining whether an alleged discriminatory act falls within the scope of a [discrimination] claim, the administrative complaint must be construed liberally 'in order not to frustrate the remedial purposes of [the law] and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge. Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination."

3

Kells v. Sinclair Buick-GMC Truck, Inc., 210 F3d 827, 836 (8th Cir. 2000) (citations and internal citations omitted). The court is satisfied that plaintiff's claim of disability or perceived disability due to his claimed substantial limitation in major life activities either grows out of or is reasonably related to his administrative claim of disability discrimination, and the claims are appropriately brought here. Further, as to Count 1 and 2, upon review of the record the court is satisfied that there exist disputed issues of material fact that preclude the entry of summary judgment.

It is therefore

ORDERED

1. Motion for Summary Judgment denied on Counts 1 and 2.

2  Count 3 is dismissed.

June 22, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT